CRANE & WARD *vs.* D. & R. McDONALD.

To establish the defense of payment of a pre-existing debt by a note of third persons, it is necessary for the defendant to prove that the note was given to the creditor and received by him upon the express agreement that it should extinguish the previous debt.

The burthen of proof is on the defendant setting up such a defense. A finding by the referee that the goods sued for "were duly paid for by the defendants, by the delivery by the said defendants to said plaintiffs, and the acceptance by said plaintiffs of the note of M. & Co." is not sufficient to authorize the conclusion of payment.

APPEAL from a judgment entered upon the report of a referee. The action was for goods sold and delivered to the defendants as copartners. On the 1st of June, 1859, the defendants, being copartners under the firm name of D. & R. McDonald, were indebted to the plaintiffs in the sum of $278.64 for goods sold and delivered. On that day the defendants gave to the plaintiffs the note of D. McDonald & Co. (a new firm) for that amount, payable two months from date. This note was never paid, but the plaintiffs took a second note, made by D. McDonald & Co. and falling due about a month later. This second note was never paid, but the defendants gave D. McDonald & Co.'s check for it, dated a few days ahead. This check was never paid, but within a few days after it became due, D. McDonald & Co. failed, and made an assignment, and from all that appears, nothing was ever paid, under the assignment or otherwise, either to the plaintiffs or to any other creditor. The two notes were returned to the defendants. The check was tendered on the trial. The defendants claimed that the *first* of these two notes constituted a complete payment and released them. This presents the single issue in the case.

The referee found and reported as matter of fact, that the goods and merchandise mentioned in the complaint, as having been sold and delivered, by the plaintiffs to the defendants, were duly paid for by said defendants, by the delivery

Crane *v.* McDonald.

by the said defendants to said plaintiffs, and the acceptance by said plaintiffs, of the note of McDonald & Co. And as matter of law arising from that fact, he found that the plaintiffs were not entitled to recover any thing from the defendants, but that the complaint should be dismissed as to them, and their costs in this action be paid by said plaintiffs, and that said defendants have judgment therefor. Judgment being entered accordingly, the plaintiffs appealed.

*S. T. Freeman*, for the appellants.

*C. A. Davison*, for the respondents.

*By the Court*, GEO. G. BARNARD, J. The plaintiffs were entitled to recover upon the pleadings, in the absence of proof. In order to destroy the plaintiff's action, it was necessary for the defendants to prove that the note of D. McDonald & Co. was given to the plaintiffs and received by them upon the express agreement by them that it should extinguish the account against the defendants upon which this action is brought. (*Noel* v. *Murray*, 13 *N. Y. Rep.* 168.)

The referee has not found this fact. He has only found that the goods mentioned in the complaint "were duly paid for by the defendants by the delivery by the said defendants to said plaintiffs and the acceptance by said plaintiffs of the note of D. McDonald & Co." Something more is needed, to establish this defense of payment of a pre-existing debt by a note of third persons.

The exception to the referee's conclusion of law that the debt was paid, from this finding of fact, is well taken. Payment does not follow the finding. The weight of evidence, as shown by the case, is strongly against the defendants upon the question of the note having been received in discharge of the defendants' debt by the plaintiffs. The defendants have the burthen of proof on them. They have not estab-

lished a payment by the finding of fact of the referee, nor by the evidence in the case.

There should be a new trial at the circuit; costs to abide the event.

NEW YORK GENERAL TERM, November 6, 1865. *Ingraham, Leonard* and *Geo. G. Barnard,* Justices.]